# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

RAY ORRAND, Administrator, *et al.*,

    Plaintiffs,

v.

KIN CONTRACTORS, LLC, *et al.*,

    Defendants

MICHELLE K. HEYWOOD,

    Third-Party Plaintiff

v.

DAVID T. HEYWOOD,

    Third-Party Defendant

Case No. 2:09-cv-1129

JUDGE EDMUND A. SARGUS, JR.

MAGISTRATE JUDGE ABEL

## OPINION AND ORDER

In this action, Plaintiff Raymond Orrand, as Administrator of the Ohio Operating Engineers Health and Welfare Plan, the Ohio Operating Engineers Pension Fund, the Ohio Operating Engineers Apprenticeship Fund, and the Ohio Operating Engineers Education and Safety Fund and Plaintiff Trustees of the Ohio Operating Engineers Health and Welfare Plan, the Ohio Operating Engineers Pension Fund, the Ohio Operating Engineers Apprenticeship Fund, and the Ohio Operating Engineers Education and Safety Fund bring a claim under 28 U.S.C. 1132(a)(3) against Defendants Kin Contractors, LLC ("Kin Contractors") and Michelle K. Heywood ("Ms. Heywood") to enforce certain provisions of a collective bargaining agreement. Ms. Heywood filed a Third-Party Complaint against her ex-husband, David T. Heywood ("Mr.

Heywood") for breach of contract. This matter is before the Court on Mr. Heywood's Motion to Dismiss the Third-Party Complaint (Document 24.) For the reasons that follow, the motion is **GRANTED**.

## I. Background

Plaintiffs allege that Defendants Kin Contractors and Ms. Heywood failed to make fringe benefit contributions to an ERISA-based employee benefit plan Pension Trust as required by the terms of the parties' agreements. In her Third-Party Complaint, Ms. Heywood alleges that she and Mr. Heywood were divorced in June 2008, and that Mr. Heywood breached the terms of their divorce decree by refusing to pay attorneys' fees and costs arising out of Plaintiffs' suit against Kin Contractors and Ms. Heywood. Mr. Heywood seeks dismissal of the Third-Party Complaint for lack of subject-matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1) and failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II. Analysis

### A. Standard of Review

Defendant moves for dismissal pursuant to Rule 12(b)(1). The Sixth Circuit adopted two standards of dismissal for lack of subject-matter jurisdiction under Rule 12(b)(1) depending upon whether the movant makes a facial or factual attack on the plaintiff's complaint. *See Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990). A facial attack merely questions the sufficiency of the pleading. In reviewing a facial attack, a court applies the same standard applicable to Rule 12(b)(6) motions. On the other hand, where a district court reviews a plaintiff's complaint under a factual attack, the court does not presume that the plaintiff's allegations are true. In such cases, a court has wide discretion to allow affidavits, documents and

even a limited evidentiary hearing to resolve disputed jurisdictional facts. *See id.*; *see also Tennessee Protection & Advocacy, Inc. v. Bd of Educ.*, 24 F. Supp. 2d 808, 812-13 (1998). Here, the parties do not dispute any jurisdictional facts giving rise to Ms. Heywood's claim for breach of contract against Mr. Heywood.

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." This pleading standard does not require 'detailed factual allegations.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). However, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do'"; "[n]or does a complaint suffice if it tenders 'naked assertions[s]' devoid of 'further factual enhancement.'" *Id.*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555, 557).

Rather, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556).

Moreover, "[a]lthough for the purposes of a motion to dismiss [a court] must take all of the factual allegations in the complaint as true, [it] '[is] not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal*, 129 S. Ct. at 1949-50 (quoting *Twombly*, 550 U.S. at 555) (internal quotation marks omitted).

### B. Discussion

Mr. Heywood contends that Ms. Heywood's claims against him lie within the exclusive jurisdiction of Ohio's state courts because the claims arise out of a domestic relations dispute.

3

Domestic relations is a traditional area of state concern. *Kelm v. Hyatt*, 44 F.3d 415, 420 (6th Cir. 1995) (citing *Ankenbrandt v. Richards*, 504 U.S. 689, 693 (1992) (holding that diversity jurisdiction does not exist for cases seeking divorce, alimony, or child custody decrees)). Unless a civil action "merely has domestic relations overtones," a federal court lacks jurisdiction to adjudicate the case under the "domestic relations exception" to the exercise of federal jurisdiction. *Danforth v. Celebrezze*, 76 Fed. App'x 615, 616 (6th Cir. 2003) (citing *Drewes v. Ilnicki*, 863 F.2d 469, 471 (6th Cir. 1988)). In other words, "federal courts lack jurisdiction where the action is a mere pretense and the suit is actually concerned with domestic relations issues." *Id.*; *see also McLaughlin v. Cotner*, 193 F.3d 410, 413-14 (6th Cir. 1999) (rejecting broad interpretation of *Ankenbrandt*)).

Ms. Heywood argues that her claims sound solely in contract and do not implicate domestic relations. However, the agreement that forms the basis for her purported breach-of-contract claim is part of a stipulated separation agreement between the parties which became incorporated into the divorce decree. Under Ohio law, "the terms of a contract between the parties in a domestic relations action are raised to the status of being a part of the court's judgment when made part of the decree." *McLaughlin*, 193 F.3d at 413-14 (internal quotation marks and citations omitted)). Where the obligations arise by virtue of a separation agreement that becomes part of the divorce decree, "the obligations [thus] imposed are not those imposed by the law of contract or torts . . . , but are those imposed by the divorce decree." *Id.* at 414.

This third-party action involves the enforcement of payment obligations which were part of a separation agreement which was subsequently incorporated into the divorce decree entered by the Court of Common Pleas of Clermont County, Ohio. The separation agreement was

4

entered into so as to determine the rights and obligations of the parties upon separation and divorce. Because the separation agreement contains terms governing the payment of attorneys' fees and costs relating to litigation and collection against Kin Contractors, and because that agreement became part of the divorce decree, the Court concludes that the "domestic relation exception" applies to this action. *See McLaughlin*, 193 F.3d at 413-14. The third-party complaint does not constitute a contract suit that merely contains domestic relations overtones; rather, it seeks the adjudication of rights and responsibilities arising from marital status. Accordingly, this Court lacks jurisdiction to consider Ms. Heywood's claim against Mr. Heywood.

### III. Conclusion

Having determined that it lacks jurisdiction over Michelle Heywood's Third-Party Complaint, the Court **GRANTS** Third-Party Defendant David T. Heywood's Motion to Dismiss (Doc. 24).

**IT IS SO ORDERED.**


\_\_\_3-29-2011_____

**DATED**                                **EDMUND A. SARGUS, JR.**
                                         **UNITED STATES DISTRICT JUDGE**