UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RAY ORRAND, Administrator, *et al.*, | : | Case No.  2:09 CV 1129 |
| | : | |
| Plaintiffs, | : | |
| | : | JUDGE EDMUND A. SARGUS, JR. |
| v. | : | |
| | : | |
| KIN CONTRACTORS, LLC, *et al.*, | : | MAGISTRATE JUDGE ABEL |
| | : | |
| Defendants | : | |
| | : | |
| MICHELLE K. HEYWOOD, | : | |
| | : | |
| Third-party Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| DAVID T. HEYWOOD, | : | |
| | | |
| Third-party Defendants | | |

**ORDER**

Plaintiffs Ray Orrand, as Administrator of the Ohio Operating Engineers Health and

Welfare Plan, the Ohio Operating Engineers Pension Fund, the Ohio Operating Engineers

Apprenticeship Fund, and the Ohio Operating Engineers Education and Safety Fund, and the

Trustees of the Ohio Operating Engineers Health and Welfare Plan, the Ohio Operating

Engineers Pension Fund, the Ohio Operating Engineers Apprenticeship Fund, and the Ohio

Operating Engineers Education and Safety Fund ("the Trusts") bring a claim under 28 U.S.C.

1132(a)(3) to enforce provisions of a collective bargaining agreement against Defendant Kin

Contractors, LLC ("Kin Contractors") and Defendant Michelle Heywood ("Heywood").  This

matter is before the Court on a motion to dismiss filed by Heywood.[1]  (Doc. 15.)  For the reasons that follow, that motion is **GRANTED in part and DENIED in part**.

## I.  Background

Plaintiffs allege that Kin Contractors, through its authorized representative Michelle Heywood, entered into a Distribution and Maintenance Agreement with the Trusts on July 15, 2002. (Am. Compl. ¶ 10.)  According to these agreements, Kin Contractors was obligated "to make, and the [Trusts] are entitled to receive, fringe benefit contributions on behalf of each employee of Defendants who performs work within the trade jurisdiction of the Operating Engineers Union." (Am. Compl. ¶ 12.)  Additionally, the agreements granted the Trusts "the right to audit the books and records of Defendants with respect to the hours worked by and wages paid to employees of Defendants covered by the agreements." (Am. Compl. ¶ 13.)  The Defendants further renewed these obligations to the Trusts in a subsequent Distribution and Maintenance Agreement on October 29, 2008, which was again executed by Defendant Heywood as Kin Contractor's authorized representative.  (Am. Compl. ¶ 11.)

Plaintiffs now wish to enforce these provisions of the collective-bargaining agreements against Defendants; specifically, the right to audit and receive sums due.  However, Defendant Heywood asserts that Plaintiffs failed to "allege any facts from which the Court could possibly infer that Plaintiffs may pierce the corporate veil to establish individual liability for Heywood." (Defs.' Reply Br. 1.)  Plaintiffs make the following allegations to support the individual liability of Defendant Heywood:

> 7. Michelle K. Heywood, d/b/a Kin Contractors, LLC is an individual doing business under the name "Kin Contractors, LLC" in Milford, Ohio.  Kin Contractors was formerly an Ohio limited liability company with its principal

---

[1] David T. Heywood has been named as a third-party defendant in this case by Defendant Michelle Heywood. However, David is not a party in the current motion.

place of business in Milford, Ohio. At all relevant times Defendants have been
engaged in an industry affecting commerce, i.e., contracting work.

8. Defendants are employers in an industry affecting commerce . . . .

9. Defendants are employers engaged in commerce an in an industry affecting
commerce . . . .

(Am. Compl. ¶¶ 7-9.) The only issue raised by Defendant Heywood is whether Plaintiffs have

pleaded sufficient facts to disregard the corporate entity.

## II.    Analysis
### A.  Standard of Review

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain

statement of the claim showing that the pleader is entitled to relief." This pleading standard does

not require 'detailed factual allegations.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)

(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). However, "[a] pleading that

offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will

not do'"; "[n]or does a complaint suffice if it tenders 'naked assertions[s]' devoid of 'further

factual enhancement.'" *Id.*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555, 557).

Rather, "a complaint must contain sufficient factual matter, accepted as true, to 'state a

claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550

U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows

the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id.*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556).

Moreover, "[a]lthough for the purposes of a motion to dismiss [a court] must take all of

the factual allegations in the complaint as true, [it] '[is] not bound to accept as true a legal

3

conclusion couched as a factual allegation.'" *Iqbal*, 129 S. Ct. at 1949-50 (quoting *Twombly*, 550 U.S. at 555) (internal quotation marks omitted).

### B.  Plaintiffs' Right to Audit the Books and Records of Kin Contractors

Plaintiffs seek to conduct an audit of Kin Contractor's corporate books and records pursuant to the Trust Agreements.  Plaintiffs allege that that "Heywood retained the business records" and that, "[d]espite Plaintiffs' previous request to conduct the audit, . . . Defendants had not, and still have not, fully complied with Plaintiffs' audit request." (Pls.' Mem. 3.)  Here, Heywood asserts that she is shielded from personal liability because the Plaintiffs have not pleaded sufficient facts to pierce corporate veil and, as such, she is not obligated to produce the records requested by the Plaintiffs.  The Court disagrees.  For the purposes of a motion to dismiss, this Court must take all of the factual allegations asserted in a complaint as true. *Iqbal*, 129 S. Ct. at 1949-50.  Plaintiffs assert that they have a contractual right under the Trust agreements to audit the corporate records of Kin Contractors.  Additionally, Plaintiffs have asserted that Heywood is in possession and control of the business records of Kin Contractors after its dissolution.  On these facts alone, Plaintiffs have pleaded sufficient facts to make it plausible that Defendant Heywood may be obligated to produce the corporate records and books of Kin Contractors for audit by the Plaintiffs.  Thus, this portion of the Plaintiffs' complaint meets the standards set out in Rule 8(a) and, therefore, survives the Defendant's motion to dismiss.

### C.  Plaintiffs' Right to Receive Fringe Benefit Contributions from Defendants

Plaintiffs seek recovery for delinquent fringe benefit contributions allegedly owed to them by Defendants Kin Contractors and Heywood, including any interest which has accrued from such delinquency.  Plaintiffs assert that these monetary damages could arise from

4

delinquent payments dating from July 15, 2002 through the present, depending on the results of Plaintiffs' audit of Kin Contractors' records. (Am. Compl. ¶ 15.)  Defendant Heywood argues that she cannot be held personally liable for these debts because Plaintiff has not pleaded sufficient facts to allow the Court to pierce the corporate veil. (Defs.' Reply Br. 1.)  However, Heywood's liability does not depend entirely on the successful piercing of the corporate veil.

Inherent in the language used by Plaintiffs is the allegation that Heywood has continued to operate as an employer subject to the trust agreements even after the dissolution of Kin Contractors. (Am. Compl. ¶¶ 7-9.)  The complaint reads as follows:

> 7. *Michelle K. Heywood, d/b/a Kin Contractors, LLC* is an individual *doing business* under the name "Kin Contractors, LLC" in Milford, Ohio.  Kin Contractors was formerly an Ohio limited liability company with its principal place of business in Milford, Ohio.  At all relevant times *Defendants have been engaged* in an industry affecting commerce, i.e., contracting work.
>
> 8. *Defendants are* employers in an industry affecting commerce . . . .
>
> 9. *Defendants are* employers engaged in commerce an in an industry affecting commerce . . . .

*Id.* (emphasis added).  Thus, Plaintiffs allege potential damages sustained under the trust agreements prior to the dissolution of Kin Contractors as well as damages arising from the continued operation of Heywood as an employer.  As the burden of proof necessary to establish the personal liability of Heywood is different pre-dissolution than post-dissolution, the pleading requirements under Rule 8 for each allegation are also different.  Therefore, each standard will be addressed in turn.

1. Heywood's personal liability under the Trust Agreements prior to the dissolution of Kin Contractors

In order to hold Heywood personally liable for those damages incurred prior to dissolution, Plaintiffs must pierce the Kin Contractors corporate veil.  In Ohio, "[a] fundamental

rule of corporate law is that, normally, . . . directors are not liable for the debts of the corporation." *Belvedere Condo. Unit Owners' Ass'n. v. R.E. Roark Cos., Inc.*, 617 N.E.2d 1075, 1085 (Ohio, 1993). "However, [directors] are not absolutely immune from liability for the actions of their corporations." *Dombroski v. WellPoint, Inc.*, 895 N.E.2d 538, 542 (Ohio, 2008). The corporate veil may be pierced and individual directors held personally liable under the following circumstances:

> (1) control over the corporation by those to be held liable was so complete that the corporation has no separate mind, will, or existence of its own, (2) control over the corporation by those to be held liable was exercised in such a manner as to commit fraud or an illegal act against the person seeking to disregard the corporate entity, and (3) injury or unjust loss resulted to the plaintiff from such control and wrong.

*Belvedere*, 617 N.E.2d at 1086. While disregard of the corporate entity is not a cause of action itself, it *is* a means of imposing liability on a defendant; therefore, each basis for piercing the corporate veil is an independent ground of recovery that must be specifically pleaded. As such, each element of the *Belvedere* test must be sufficiently well-pleaded "showing that the pleader is entitled to relief" under Rule 8(a)(2). The corporate veil will not be pierced—and Heywood held personally liable as a defendant for those debts incurred prior to dissolution—unless Plaintiffs establish all three prongs set out in *Belvedere*. *Dombroski*, 895 N.E.2d at 543. As discussed below, Plaintiffs have failed to plead two of the three prongs.

First, Plaintiffs were required to plead facts that would demonstrate that Heywood's control over Kin Contractors "was so complete that the corporation has no separate mind, will, or existence of its own." *Belvedere*, 617 N.E.2d at 1086. Relevant to this first element, Plaintiffs offer little more than a conclusion, merely stating that "Michelle K. Heywood . . . is an individual doing business under the name "Kin Contractors, LLC" in Milford, Ohio." (Am.

6

Compl. ¶ 7.) Heywood contends that Plaintiffs are merely speculating "about what they might establish if they only had discovery." (Def's. Reply Br. 1.) Generally, simply filing a complaint "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 129 S. Ct. at 1950. Regardless, this Court has previously held that "the question of whether [a director] exercised a degree of control over [a corporation] justifying [a] Court's holding it accountable . . . is a fact-sensitive question which . . . should not be answered until the Plaintiffs have had some opportunity to conduct discovery on this matter." *Bledsoe v. Emery Worldwide Airlines*, 258 F. Supp. 2d 780, 787 (S.D. Ohio 2003). Due to the importance of discovery in establishing the element of control, Plaintiffs' complaint will not be dismissed for failure to plead sufficient facts regarding the requisite level of control necessary to hold Heywood personally liable.

However, Plaintiffs were also required to plead facts that would demonstrate that Heywood exercised control over Kin Contractors "in such a manner as to commit fraud or an illegal act against the person seeking to disregard the corporate entity" as well as facts that would demonstrate "injury or unjust loss resulted to the plaintiff from such control and wrong." *Belvedere*, 617 N.E.2d at 1086. Here, they have done neither. When a complaint seeks pierce the corporate veil on the basis of fraud, it "must state with particularity the circumstances constituting [the] fraud." Fed. R. Civ. P. 9(b). Further, the corporate veil cannot be pierced simply where control of the corporation was exercised to commit unjust or inequitable acts; rather, it requires for the control to have been exercised for "specific egregious acts." *Dombroski*, 895 N.E.2d at 544. The *Dombroski* court cautioned against disregarding the corporate veil, stating that it should only be pierced "in instances of extreme [director] misconduct." *Id.*, 895 N.E.2d at 545. In this action, Plaintiffs have not pleaded any extreme

7

misconduct on the part of Heywood that would allow this Court to draw a reasonable inference

that Heywood committed fraud, illegal acts, or similarly unlawful acts as to render her personally

liable for the debts of Kin Contractors prior to its dissolution.  Similarly, Plaintiffs have failed to

show the losses allegedly sustained were caused by Heywood, acting as separate from Kin

Contractors.

  Under these circumstances, the Court finds that Plaintiffs have not alleged sufficient facts

to set forth a plausible claim that Heywood is liable as a separate defendant for the debts and

obligations incurred by Kin Contractors prior to its dissolution.  Accordingly, this portion of the

Plaintiffs' complaint cannot survive the Defendant's motion to dismiss.

  2. Heywood's personal liability under the Trust Agreements after the
    dissolution of Kin Contractors

  The general rule in Ohio is that "[w]hen a corporation is dissolved voluntarily . . . the

corporation shall cease to carry on business and shall do only such acts as are required to wind

up its affairs."  Ohio Rev. Code Ann. § 1701.88(A) (West).  Thus, courts will "not to tolerate the

use of lapsed corporations by individuals as a shield for continuing business." *Shaw v. Jenkins*,

159 F. Supp. 2d 995, 1000 (S.D. Ohio 2001) (citing *Chatman v. Day*, 455 N.E.2d 672, 674 (Ohio

Ct. App. 1982)).  Similarly, "when the articles of a corporation are canceled . . . the authority of

the corporation to do business ceases and after such termination officers who carry on new

business do so as individuals, lose the protection of the Corporation Act, and are personally

responsible for such obligations as they incur." *Chatman v. Day*, 455 N.E.2d  at 674.

  Here, Plaintiffs allege that "Michelle K. Heywood . . . is an individual *doing business*

under the name "Kin Contractors, LLC" in Milford Ohio.  Kin Contractors *was formerly* an Ohio

limited liability company . . . *At all relevant times* Defendants *have been engaged* in an industry

affecting commerce, i.e., contracting work. (Am. Compl. ¶ 7.)(emphasis added).  The corporate

8

entity does not shield individuals carrying on new business after the dissolution of the corporation; instead, those individuals are personally liable for the obligations and debts they incur. Plaintiffs have pleaded that Heywood has continued to do business under the name Kin Contractors after its dissolution. As the Court must accept the factual allegations set forth in the complaint as true, it must find that Plaintiffs have pleaded sufficient facts to render Heywood personally liable under the Trust Agreements after the dissolution of Kin Contractors. Accordingly, this portion of the Plaintiffs' complaint survives the Defendant's motion to dismiss.

### III.  Conclusion

The Court finds that Plaintiffs have pleaded sufficient facts to set forth a plausible claim that Defendant Heywood is obligated to produce the records of Kin Contractors for inspection and audit by Plaintiffs.   Additionally, Plaintiffs have alleged sufficient facts to put Defendant Heywood on notice of a claim for damages incurred post-dissolution of Kin Contractors. However, the Court finds that Plaintiffs have not pleaded sufficient facts to make it plausible that Heywood is personally liable for the debts incurred by Kin Contractors prior to its dissolution.

For the reasons discussed above, the Court **DENIES in part and GRANTS in part** Defendant Heywood's motion to dismiss (Document 15.)

**IT IS SO ORDERED.**


_____3 - 29 - 2011_____
**DATED**

_____
**EDMUND A. SARGUS. JR.**
**UNITED STATES DISTRICT JUDGE**

9